# Exhibit "A"

SUMMONS

Attorney(s)  Roy J. Thibodaux III, Esq.
Office Address  Berkowitz Lichtstein Kuritsky Giasullo
Town, State, Zip Code  75 Livingston Avenue
Roseland, New Jersey 07068
Telephone Number  973-325-7800
Attorney(s) for Plaintiff
Hub Realty Management, LLC and
185 Avenue B, LLC
    Plaintiff(s)

vs.

Axis Insurance Company

    Defendant(s)

**Superior Court of New Jersey**

Essex County
Law Division
Docket No: ESX-L-9131-18

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

DATED:  01/02/2019
Name of Defendant to Be Served:  Axis Insurance Company
Address of Defendant to Be Served:  300 Connell Drive, Suite 8000, Berkley Heights, New Jersey 07922

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC**
Roy J. Thibodaux III
New Jersey Attorney Identification No. 021682005
75 Livingston Avenue
Roseland, New Jersey 07068
T: 973-325-7800
F: 973-325-7930
Attorney for Plaintiffs, Hub Realty Management, LLC and 185 Avenue B, LLC

| | |
|---|---|
| HUB REALTY MANAGEMENT, LLC and 185 AVENUE B, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AXIS INSURANCE COMPANY, <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY DOCKET NO: <br><br> CIVIL ACTION <br><br><br> **COMPLAINT** |

Plaintiffs, Hub Realty Management, LLC and 185 Avenue B, LLC, through their attorneys, Berkowitz, Lichtstein, Kuritsky, Giasullo & Gross, LLC, by way of Complaint against defendant, Axis Insurance Company, state the following:

### PARTIES

1. Plaintiff Hub Realty Management, LLC is a New Jersey limited liability corporation with its principal place of business located at 447 Northfield Avenue, West Orange, New Jersey 07052.

2. Plaintiff 185 Avenue B, LLC is a New York limited liability corporation that maintains its principal place of business at 447 Northfield Avenue, West Orange, New Jersey 07052, and which owns the commercial property located at 185-189 Avenue B, New York, New York 10009 ("the Property").

3. Upon information and belief, defendant, Axis Insurance Company maintains a place of business at 300 Connell Drive, Suite 8000, Berkley Heights, New Jersey 07922, and is licensed and/or authorized to transact and conduct business in the State of New Jersey and/or has, within

the relevant time period, transacted the business of insurance in New Jersey including the sale of commercial insurance policies.

## JURISDICTION

4. Jurisdiction is vested in this Court over defendant because defendant conducts business within the geographic confines of the State of New Jersey

## VENUE

5. Venue of the within action is properly laid in this Court pursuant to R. 4:3-2(a), by virtue of Essex County being the County in which plaintiffs reside.

## FACTS COMMON TO ALL COUNTS

### The Axis Insurance Agreement

6. Defendant provided plaintiffs with all risk insurance coverage under Policy No. MCF622107-17, effective April 15, 2017 to April 15, 2018 ("the Axis Policy").

7. The Axis Policy identified Hub Realty Management and/or any owned, controlled, associated, affiliated, joint venture or any subsidiary companies or corporations as the named insured.

8. Plaintiff 185 Avenue B has at all times relevant been an associated and affiliated company of Hub Realty, and thus, a named insured under the Axis Policy.

9. The Axis Policy provides in the section entitled, "Perils Covered," that it "insures against risks of direct physical loss or damage to covered property, except as hereinafter excluded."

10. The Axis Policy identifies as an "insured location" all locations identified on the schedule provided to Axis on April 15, 2017, which includes the Property, which is a commercial building that includes residential apartments.

11. The Axis Policy provides that it insures real property, including new buildings and

additions under construction at an insured location, in which the insured has an insurable interest.

**Axis is notified of damage to the property, assigns a claim number, and declines to provide coverage.**

12. On or about January 5, 2018, damage was discovered at the Property in the form of a roof leak above apartment 7B.

13. The insured submitted a claim to Axis for the aforementioned leak, and Axis assigned Claim No. ATL149625 ("the Claim").

14. The insured's roofing contractor, Devine Roofing Co., inspected the Property's roof and performed repairs as necessary.

15. Devine Roofing concluded that the roof's seams and silicone coating delaminated due to the constant freezing and thawing creating an opening allowing the water to penetrate, freeze and expand.

16. Following its repairs, Devine Roofing was informed that the leak was still happening.

17. On or about January 12, 2018, Devine Roofing performed another investigation of the Property's roof.

18. During this inspection, Devine Roofing observed that while the entire subject roof section was dry on top of the leak site, the leak was still occurring.

19. Devine Roofing's investigation revealed that the ISO insulation of the Property's roof was saturated with water that created an opening allowing water to penetrate, freeze and expand into, and thus permanently damage, the ISO insulation of the Property's roof.

20. Devine Roofing warned the insured of the potential for mold developing in the area of the saturated ISO insulation.

21. Devine Roofing provided the insured with a proposal that recommended the removal and reinstallation of the entire roof covering the Property.

22. The insured provided Devine Roofing's removal and replacement proposal to Axis.

23. In a reservation of rights letter dated April 27, 2018, plaintiff Hub Realty was informed that Axis retained York Risk Services Group, Inc. to investigate the January 5, 2018 loss at the Property regarding the roof leak.

24. York advised in its letter that Axis had engaged WJE Engineers & Architects, P.C. to investigate the loss, and York enclosed WJE's April 25, 2018 report.

25. In a letter dated July 18, 2018, York advised its insured that based on a policy exclusion entitled, "Perils Excluded," there was no basis for payment under the policy for the replacement of the roof.

26. York did not cite to any specific Axis Policy exclusion.

27. It appears that in reaching its decision on coverage York relied upon WJE's statement that the subject damage was "not attributable to any particular weather event."

28. In a letter dated November 12, 2018, the insured wrote to York to advise that under the express terms of the Axis Policy, since the property is a "covered property" that sustained direct physical damage, Axis must afford coverage for the roof damage at issue.

29. The insured further informed York that the Axis Policy is an all risk policy that does not require any specific "occurrence" before coverage is afforded. All that is required under the Axis policy is damage to covered property – an undisputed fact as evidenced by Axis' decision to afford coverage for the interior repairs necessitated by the subject water damage. The absence or presence of a "particular weather event" was an improper reason upon which to base York's coverage position.

30. The insured's letter advised York that at no time since the roof was installed in 2015 and prior to January 2018 did 185 Avenue B's roofer, Devine Roofing, observe damage to the ISO

4

insulation. This is so despite Devine undertaking roof maintenance work in March, May and July of 2017. Devine Roofing was on the roof during the relevant time periods before the ISO became saturated with water from open seams, whereas WJE was not.

31.   The insured pointed out to York that WJE's April 11, 2018 inspection did not and could not have replicated the conditions that existed when Devine Roofing first observed the saturated ISO insulation in January 2018. This was so because Devine repaired the delaminated sealer and open seams three months before WJE was on site. In fact, WJE's report does not indicate that there was any delaminated sealer or open seams above apartment 7B at the time of its inspection.

32.   WJE also conceded that its findings were based on its "limited site observations." For these reasons, WJE's "conclusions" about the paths for moisture infiltration were unsubstantiated and conclusory (WJE used the phrase "appear to have been"), as they were based on facts and conditions that did not exist at the time the damage actually occurred.

33.   Based on the foregoing, the insured advised York that its reliance on WJE's findings as the sole basis of Axis's current coverage position was wholly without merit.

34.   The insured invited York to contact the insured to discuss the Claim.

35.   To date, neither York nor Axis have contacted the insured about the Claim or afforded the coverage to which plaintiffs are entitled.

## FIRST COUNT

## DECLARATORY JUDGMENT

36.   Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth herein at length.

37.   The Property suffered direct physical loss and damage in the form of completely and permanently saturated ISO insulation that requires the replacement of the entire roof.

5

38. Axis has advised its insured that "there is no basis for payment under the policy for the replacement of the roof."

39. All conditions precedent to coverage under the Axis Policy have been satisfied, waived or are otherwise inapplicable.

40. An actual controversy currently exists between plaintiffs and defendant with respect to defendant's duties and obligations under the AXIS Policy issued by defendant, which "insures against risks of direct physical loss or damage to covered property."

41. Defendant has not responded to plaintiffs' demand for coverage and has otherwise failed and refused to comply with its obligations under the Axis Policy.

42. Pursuant to the New Jersey Uniform Declaratory Judgments Act, N.J.S.A. 2A:16-50 et seq., plaintiffs are entitled to a declaration by the Court of their rights and defendant's duty and obligations under the Axis Policy and a judicial declaration is necessary as to the rights and duties of the respective parties in relation to the losses or damage herein described above.

WHEREFORE, Plaintiffs demand judgment in their favor:

(1) Declaring that coverage exits under the Axis Policy issued by defendant for the Claim;

(2) Declaring the rights and other legal obligations of plaintiffs and defendant arising under the aforementioned Axis Policy;

(3) Awarding plaintiffs compensatory and consequential damages, together with pre-judgment and post-judgment interest;

(4) Awarding plaintiffs their costs of suit; and

(5) Awarding plaintiffs for their counsel fees incurred herein.

## SECOND COUNT

## BREACH OF CONTRACT

43. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth herein at length.

44. Axis issued the Axis Policy to Hub Realty for the benefit of Hub Realty "and/or any owned, controlled, associated, affiliated, joint venture, or any subsidiary companies or corporations as now or may hereafter be constituted," which includes plaintiff 185 Avenue B, LLC.

45. The Axis policy "insures against risks of direct physical loss or damage to covered property, except as hereinafter excluded."

46. The Claim involves direct physical loss and damage to the Property, i.e., the ISO insulation of the building's roof.

47. Prior to the initiation of the within action, all conditions precedent to coverage under the Axis Policy have been satisfied.

48. Plaintiffs have sought insurance coverage from defendant for the Claim.

49. Defendant has failed to provide insurance coverage to plaintiffs as it agreed and as is required under the Axis Policy.

50. Defendant's failure of its obligation to provide the insurance coverage to which plaintiffs are legally entitled under the Axis Policy constitutes breach of defendant's obligations under the Axis Policy and is contrary to law.

51. Defendant knows, or has recklessly disregarded, the fact that there is no reasonable basis for its failure, delay and/or denial to provide insurance coverage to plaintiffs for the Claim.

52. As a direct and proximate result of the aforesaid breaches, defendant is liable to plaintiffs for all damages arising out of its failure, delay and/or denial of its obligation to provide insurance

7

coverage to plaintiffs for the Claim, together with costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

WHEREFORE, Plaintiffs demand judgment in their favor:

(1) Requiring defendant to provide insurance coverage to plaintiffs in connection with the Claim together with pre-judgment and post-judgment interest;

(2) Awarding plaintiffs their costs of suit;

(3) Awarding plaintiffs their counsel fees incurred herein; and

(4) For such other relief as the Court may deem just and proper.

## THIRD COUNT

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

53. Plaintiffs hereby incorporate by reference the allegations contained in the preceding paragraphs of this Complaint as though set forth herein at length.

54. Implied in each insurance contract is a covenant of good faith and fair dealing that defendant shall not do anything which would have the effect of destroying or injuring the right of the insured to receive the benefits of the contract. Defendant was obligated to give plaintiffs' interest in the insurance contract as much consideration as its own, and do nothing to deny plaintiffs the benefits of the insurance contract.

55. Defendant owes to plaintiffs a duty of good faith and fair dealing in the performance of its obligations and duties under the Axis Policy, specifically, the duty to provide insurance coverage to plaintiffs in connection with the Claim.

56. Defendant with reckless indifference to the facts and to plaintiffs' rights under the Axis Policy and law, has refused to comply with, failed to carry out and/or intentionally disregarded its contractual duty to provide plaintiffs with insurance coverage for the Claim. Defendant's wrongful

8

and unreasonable conduct continues to the present.

57. Defendant's actions, as set forth above, constitute breach of the duty of good faith and fair dealing owed by an insurer to an insured, and which is implied in every policy of insurance.

58. As a direct and proximate result of the aforesaid breaches, defendant is liable to plaintiffs for damages arising out of defendant's breach of the duty of good faith and fair dealing, together with costs and disbursements of this action, including but not limited to reasonable attorneys' fees and pre-judgment and post-judgment interest.

WHEREFORE, plaintiffs demand judgment in their favor and against defendant:

(1) Requiring defendant to provide insurance coverage to plaintiffs in connection with the Claim together with pre-judgment and post-judgment interest;

(2) Awarding plaintiffs their costs of suit;

(3) Awarding plaintiffs their counsel fees incurred herein; and

(4) For such other relief as the Court may deem just and proper.

BERKOWITZ, LICHTSTEIN,
KURITSKY, GIASULLO & GROSS, LLC
Attorneys for Plaintiffs

By: _____
ROY J. THIBODAUX III

Dated: December 27, 2018

### DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Roy J. Thibodaux III as trial counsel.

BERKOWITZ, LICHTSTEIN, KURITSKY,
GIASULLO & GROSS, LLC
Attorneys for Plaintiff

By: _____
ROY J. THIBODAUX III

Dated: December 27, 2018

9

## CERTIFICATION

In accordance with R. 4:5-1, I hereby certify that the matter in controversy is not the subject of any other action pending in any other court or in any arbitration proceeding, and that no other proceedings are contemplated and no other parties should be joined in this action at this time.

BERKOWITZ, LICHTSTEIN, KURITSKY,<br>
GIASULLO & GROSS, LLC<br>
Attorneys for Plaintiff

By: _____
     ROY J. THIBODAUX III

Dated: December 27, 2018

# Exhibit "B"

Thomas D. Jacobson, Esq.
Attorney Id. No.: 003622008
Clausen Miller P.C.
100 Campus Drive, Suite 112
Florham Park, NJ 07932
*Attorneys for Defendant, Axis Insurance Co.*

| | |
|---|---|
| HUB REALTY MANAGEMENT, LLC and 185 AVENUE B, LLC,<br><br>        Plaintiff,<br>  - v -<br><br>AXIS INSURANCE COMPANY<br><br>        Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO: ESX-L-9131-18<br><br>**NOTICE OF REMOVAL** |

To:   Clerk, Superior Court of New Jersey
        Essex County–Law Division

**PLEASE TAKE NOTICE** that Defendant Axis Insurance Company, by and through its attorneys, filed a Notice of Removal on February 6, 2019, a copy of which is attached hereto as Exhibit "A," with the Office of the Clerk of the United States District Court for the District of New Jersey, in Trenton, New Jersey.

**PLEASE TAKE FURTHER** notice that pursuant to 28 U.S.C. § 1446(d), the filing of the Petition for Removal with the District Court effects the removal of this action, and this Court shall proceed no further unless and until this action is remanded.

                                                            Respectfully submitted,

                                                            CLAUSEN MILLER, P.C.

                                        By:    *s/ Thomas D. Jacobson*
                                                    Thomas D. Jacobson, Esq.
                                                    **Clausen Miller PC**
                                                    100 Campus Drive
                                                    Florham Park, New Jersey 07932
                                                    Tel: 973.410.4130
                                                    *Attorneys for Defendant*
                                                    *Axis Insurance Company*

467239.1

To:  **BERKOWITZ, LICHTSTEIN,**
　　　**KURITSKY, GIASULLO & GROSS, LLC**
　　　Roy J. Thibodaux III
　　　*Attorneys for HUB Realty Management, LLC*
　　　*and 185 Avenue B, LLC*
　　　75 Livingston Avenue
　　　Roseland, NJ 07068
　　　T: 973-325-7800
　　　F: 973-325-7930

467239.1